UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TIMOTHY NORRIS,

      Plaintiff,

Case No. 5:03-CV-50

v.

Hon. Richard Alan Enslen

WILLIAM NELSON, M.D. and
MALACHI WILLIAMS,

**ORDER**

      Defendants.
_____/

This matter is before the Court on Plaintiff Timothy Norris' Motion *in Limine*. Plaintiff's Motion asks that Defendants be prohibited from referring to Plaintiff's past convictions (for criminal sexual conduct in the third degree and malicious destruction of property) as well as the length of sentences imposed as to the convictions. Defendants have responded in partial opposition of the Motion.

Although the Federal Rules of Evidence do not explicitly authorize motions *in limine*, these motions are a recognized custom of the federal courts, implicit in the courts' inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Such motions are useful devices for streamlining trials and avoiding jury prejudice. *See* Fed. R. Evid. 103(c).

Evidentiary rulings depend in large part on the trial court's assessment of relevance and prejudice. Under Federal Rule of Evidence 401, "relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Rule 403, relevant

evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."

Defendants' position is that they do not oppose avoiding reference to the criminal convictions to prevent undue prejudice, but do oppose avoiding reference to the length of the sentences imposed. The reason for the qualification is that Defendants wish to preserve their rights to diminish economic damages premised on reduced earning capacity by evidence that Plaintiff will not be released into the market work force until the expiration of his sentences. The latter concern is fair, but may be accommodated <u>other than by referring to the length of the sentences</u>. In other words, Defendants may preserve their right to show the effect of the sentences on Plaintiff's economic damages by referring only to Plaintiff's release date-which according to the Michigan Department of Corrections' website is listed as June 13, 2007. However, no reference to the release date should be made if Plaintiff does not request economic damages relating to lost wages or earning capacity.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Timothy Norris' Motion *in Limine* (Dkt. No. 146) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants shall not be permitted to refer to Plaintiff Timothy Norris' convictions or the length of his sentences, but may refer to his expected release date of June 13, 2007 in the event that Plaintiff seeks damages for lost wages or earning capacity.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    July 18, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |

2